LÓPEZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF CANDELARIO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Division of Community Property.

No. 1972.—Decided July 22, 1919.

CONJUGAL PARTNERSHIP — COMMUNITY PROPERTY — DIVISION OF PROPERTY — WAIVER—CONSTRUCTION.—After G. C. and J. O. had been divorced they executed a public instrument in which they stated that the property of the dissolved conjugal partnership consisted only of a mortgage credit of $1,200 which they divided equally between themselves. The fourth clause of the said instrument reads as follows: "Fourth: Consequently, this being their only

property, they acknowledge satisfaction, and each for himself waives whatever rights he has or may have in any property belonging to the other; for from this moment and forever each acknowledges having received the share belonging to him in the ganancial property. Thus they covenanted and formally promised to comply strictly with this agreement, having been warned that the said waiver is absolute." *Held:* That according to the wording of the clause transcribed, J. O. did not waive his rights in other properties of the conjugal partnership of which he was a member, nor, consequently, in the properties in controversy, for they divided the mortgage credit equally between themselves on the basis that it was the only property belonging to the conjugal partnership, and on that basis the waiver made in the fourth clause can not refer to properties which they could not have had in mind at the time, as is evident from their statement that they acknowledged satisfaction upon the division of the mortgage credit, "this being their only property."

ID.—ID.—ID.—When in an action for the division of community property it is prayed that the property be sold and the proceeds liquidated and divided, it is necessary to allege and prove that the joint owners do not agree that the property be awarded to one of them, he indemnifying the other, and that the property is materially indivisible, as required by Section 411 of the Civil Code.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff-appellant, as assignee of the rights and interests which Juana Olán has or may have by reason of her marriage with Genaro Candelario, dissolved by divorce, brought an action against the Succession of Genaro Candelario and the administratrix of his estate, alleging that while so married Genaro Candelario purchased two rural properties with funds of the conjugal partnership; that he does not desire to continue as owner in common with the Succession of Candelario, and that the said properties are physically indivisible, praying the court to order the sale at public auction of the said properties and the liquidation and division of the proceeds between the plaintiff and the said succession and that the latter pay to him a certain sum as his proportional share of the products of the properties since the death of Candelario.

The defendants admitted in their answer that the prop-

erties were purchased by Candelario while married to Juana Olán with funds of the conjugal partnership, but alleged that in a deed executed by the spouses after they had been divorced, for the liquidation of the conjugal partnership and the distribution of a certain common property, Juana Olán waived her community interest in any other property that might exist.

After Genaro Candelario and Juana Olán had been divorced they went before a notary and executed a deed in which they stated that the property of the dissolved conjugal partnership consisted only of à mortgage credit of 2,000 provincial *pesos,* or $1,200, which had been paid, and they divided it equally between themselves, $600 to each, after which they stated the following:

"Fourth. Consequently, this being their only property, they acknowledge satisfaction, and each for himself waives whatever rights he or she has or may have in any property belonging to the other, for from this moment and forever each acknowledges having received the share belonging to him or her in the ganancial property. Thus they covenanted and formally promised to comply strictly with this agreement, having been warned that the said waiver is absolute."

The appellant maintains that in dismissing the complaint the lower court erred in considering that the said deed is a waiver by Juana Olán in favor of Genaro Candelario of her rights and interests in all the property belonging to the conjugal partnership, and in holding that it constitutes a waiver of the property in litigation. As the appellees say in their brief, the two questions are reduced to only one, to wit: whether or not the deed was a waiver of all the ganancial property acquired during wedlock.

Taking into account the facts stated in that deed and in the clause thereof which we have transcribed, we reach the conclusion that Juana Olán did not waive her rights in the property belonging to the conjugal partnership of which she was a member, nor, consequently, in the property in suit, for a careful examination of it is convincing

that·they divided the mortgage credit equally between themselves on the basis that it was the only property belonging to the conjugal partnership, and as they considered that there was no other ganancial property, the waiver made in the fourth clause can not refer to property which they could not have had in mind at the time, as is evident from their statement that they acknowledged satisfaction by the division of the morgage credit, "this being their only property." If she had desired to waive any other ganancial property independently of the mortgage credit which they divided, she would have so stated clearly. Besides, the waiver contained in the quoted fourth clause refers to "whatever rights he or she has or may have in any property belonging to the other (spouse), *i. e.*, in property that belonged to her divorced husband, which is different, therefore, from the property of the conjugal partnership.

Notwithstanding the conclusion we have just reached, we must affirm the judgment because the plaintiff prayed that the sale of the property be ordered and that the proceeds be liquidated and divided, but neither alleged nor proved that the co-owners would not agree that the property be conveyed to one of them upon his indemnifying the other, and because he did not prove his allegation, which was denied by the defendants, that the said properties are physically indivisable, as required by section 411 of the Civil Code for the sale of common property and the distribution of the proceeds, considering that as a general rule rural properties are susceptible of division.

In the second count of his complaint the plaintiff prayed that the heirs of Genaro Candelario should pay to him half of the profits yielded by the properties from August, 1904, when the conjugal partnership was dissolved, until the death of Candelario, fixing the amount at $663.

The only evidence in support of this claim was the plaintiff's testimony, but as it refers to the products of the property in bulk since August, 1904, the date of the divorce, until

the date of the trial, August 28, 1918, and as the complaint only prays for the products up to date of the death of Genaro Candelario, and we do not know when he died, that evidence is not sufficient for determining the amount of the products claimed in the complaint.

For the foregoing reasons the judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.